959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tina Michelle BAKER, Plaintiff-Appellant,
v.
Betty KASSULKE, et al., Defendants-Appellees.
 No. 91-6262.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Tina Michelle Baker, a Kentucky state prisoner proceeding without benefit of counsel, appeals from the order of the district court dismissing her cause of action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, injunctive and declaratory relief, and expungment of her prison disciplinary record, Baker alleged a violation of her right to due process resulting from the random collection of a urine sample and subsequent disciplinary hearing at the Kentucky Correctional Institution for Women. In an order dated July 20, 1990, the district court sua sponte dismissed Baker's claims against defendants Stout, Shuck, Sweat and Oath (Oerther) on the grounds that Baker did not allege any conduct on the part of these defendants that deprived her of a constitutional right. The district court granted defendant Kassulke's motion for summary judgment by order dated September 27, 1991.
 
 
 3
 On appeal, Baker argues that she was denied due process by a defective chain of custody of her urine sample and that Warden Kassulke reviewed improperly the test results of the urine sample and the Adjustment Committee's findings. Upon review, we find no error.
 
 
 4
 Baker was not denied due process. She is not constitutionally entitled to an "air-tight" chain of custody. This court has held that "the Due Process Clause has never been construed to require that the procedures used to guard against an erroneous deprivation of a protectible 'property' or 'liberty' interest be so comprehensive as to preclude any possibility of error." Higgs v. Bland, 888 F.2d 443, 449 (6th Cir.1989) (quoting Mackey v. Montrym, 443 U.S. 1, 13 (1979)). The requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board. See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985). Baker does not contend that the laboratory's results are generally unreliable or frequently incorrect. Therefore, the presence of a positive urinalysis test constitutes "some evidence" from which the Adjustment Board could conclude that Baker was guilty of the charged offense. Higgs, 888 F.2d at 449.
 
 
 5
 Furthermore, Baker was not denied due process by Warden Kassulke's review of the Adjustment Committee's finding of guilt. The record clearly reveals that Baker was found guilty of the charged offense after having received adequate notice of the charge, the opportunity to present witnesses or documentation at the evidentiary hearing, a decision by an impartial tribunal and a written statement of reasons for the Adjustment Committee's decision pursuant to Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). The warden's review was not constitutionally infirm. Summary judgment in favor of Warden Kassulke was not in error.
 
 
 6
 Accordingly, the order of the district court is hereby affirmed for the reasons set forth in the district court's memoranda dated July 20, 1990, and September 27, 1991, and for the reasons set forth herein. Rule 9(b)(3), Rules of the Sixth Circuit.